Yes, Your Honor, good morning. How are you? Good, thank you. Matt Campbell on behalf of Mr. McKenzie, and I will attempt to reserve three minutes for rebuttal. At sentencing, the parties jointly presented a Rule 11 C1C plea agreement calling for a sentencing range of 63 to 78 months to run concurrently with a 60-month state court sentence. After considerable discussion, the parties made it clear that they sought fully concurrent sentencing with that state court sentence. There was explicit discussion on the record that if the sentence were to run concurrently, Mr. McKenzie would, in effect, serve an 18-month federal sentence. This discussion clearly demonstrated the understanding of all the parties, as well as the Court, that the concurrent sentence would include the time that Mr. McKenzie had spent in federal custody. Counsel, how many months are at issue here? I was a little confused by the papers. On one level, it could be 8 months. On the other level, it could be 10 and even 12. What's at issue here? I was working out a timeline on my way over. In essence, Mr. McKenzie was first arrested on state charges on March 24, 2010. The indictment in this case did not arise until July 9, 2010. He was brought into district court on August 20, 2010. For purposes of this appeal, I think that's the relevant date, the date that he comes into federal court. Then, ultimately, he's sentenced in district court. Before you go through this entire timeline, what is the answer to Judge O'Connell's questions? I want to hear the explanation, but I would like to know what the number is. It will help me follow along. What is the bottom line? How much are we talking about? It actually adds up to approximately 10 months. August 20, 2010 is the date he comes into federal court. He's sentenced on June 24, 2011. It's that period of time. It's the time that he spent in custody. In custody, pre-sentencing on this case. Correct. The way he is detained is that he's under a prison sentence, and the federal authorities say, bring me the body, right? Correct. I mean, literally. They issued a writ. They issued a writ, and he was brought in. But he is still in state custody at that point, isn't he? The time he is serving is serving his state sentence. If the federal authorities suddenly said, never mind, we don't want to prosecute him, or we've changed our minds on anything else, he wouldn't have been allowed to leave. Absolutely not. He was unquestionably, at that point, being held in essence on, or he at least had detainers from both state and federal, however one wants to categorize that. I agree. He wasn't done with his state sentence by any means. So why is he entitled to those 10 months? If he is serving his state sentence, he is at that time not serving his federal sentence. The judge and everybody agrees that the sentences will be served concurrently, but why isn't that the case? I think the difficulty that we have here is, again, based on the plea colloquy, the plea agreement, and what concurs. I understand that that's your argument, but let's say there was this colloquy, and it says arguably what you say it says. But in fact, if everybody was mistaken about that, if as a matter of law, that is not time that can be served concurrently because the federal sentence hasn't started. You can only serve sentences concurrently once they get started. The real question is whether or not in imposing the federal sentence you give credit for time served awaiting trial or awaiting – that's really the question, right? And that's a question for the Bureau of Prisons, isn't it? Well, I think there's two different ways one can look at this case, the way Your Honor has just framed it. But I think a more fundamental question, again, would stem from the district court's order in this case in which the district court said, in essence, that the district court lacked authority to even consider our motion because the district court in its order said – That's why I asked the question, isn't that an issue for the Bureau of Prisons to decide? If it's an issue for the Bureau of Prisons to decide, then it follows it's not a district court question at all. So it's not something the district court can do anything about. You can ask the Bureau of Prisons to do it. I mean, I gather that's what happened, and if you're not happy with that, you bring a 2241 or – I get these numbers. I don't know if it's 2241 or 2255 or whatever. One of those motions to second-guess the Bureau of Prisons' decision. Isn't that the solution? It's not a happy solution for you because you're not going to win that one, but – Your Honor, I think that is a potential solution, but I do think that it is important in this matter for the judgment to reflect the understanding of the parties and the understanding of the court, and our argument is that as of right now, it doesn't. So when the – Well, but that gets us back to Doe, doesn't it? The question then becomes, let's say you are right. Let's say this is everybody's understanding, but as a matter of law, they are wrong about that. The judge is wrong. The probation officer is wrong. The defense lawyer is wrong. The prosecutor is wrong. It's just – they're just mistaken about this. I mean, do you want to set aside the plea? Are you seeking to set aside the plea as sort of under the Shapiris principle, mutual mistake of fact, and your client goes back to – faces the charges? Is that what you're looking for? Your Honor, we are not asking for that as a remedy out of this particular appeal. I think – So what happens? Let's say, in fact, we buy everything you say, but everybody there in the courtroom is wrong, including the judge, the defendant. Well, I think the issue – The probation officer, they're just wrong. That's not how you calculate these sentences. The judge promised time, concurrent sentences, and maybe everybody had an understanding the concurrent sentences would include these 10 months retroactively, but they're just wrong about it. Well, I think that the first step, again, could be to correct the judgment to reflect what the judge understood or what the judge intended. Why? What is the authority for that? I mean, let's say, in fact, everybody there in the courtroom is wrong, but that's, in fact, what the law calls for. Everybody agrees to that deal. They have an understanding of what the legal consequences will be, but they're just mistaken. Everybody is mistaken. The defendant is mistaken. Everybody is mistaken. Why? I mean, that doesn't make the sentence incorrect. It may – at most, what it might mean is that had enlightenment come into the courtroom, the judge might have said, well, in light of that, I will reduce the sentence by 10 months. He might have exercised – the judge might have – he? She. Judge Peterson, a very thoughtful, careful judge, would have might have said, I will reduce the sentence to take care of this. But that's not a mistake. That is not a clerical error. That is simply something – some judgment that she might have exercised. Correct, and I think what we're asking for at this point is that for this court to conclude that the district court at least had the authority to essentially rule on our motion as a clerical error. But it's not a clerical error. This is what we've been talking about. At most, what you've got is a situation where had truth been known then, had the reality been known to everybody, you or – were you counsel? I was not, but somebody from my office. Whoever was representing your client might have said, well, in that case, Your Honor, how about going down 10 months in your sentence to – because we're all wrong in our understanding. How about going down 10 – but that's not a clerical error. That's an exercise of discretion. Well, I think our position fundamentally comes down to since that was the understanding that everyone had, and since the court actually did in the judgment write the words credit for time served, it could easily have written credit for time served back to August of 2010. And that would be in essence what we're asking for, and I'd like to reserve the bare minimum amount of time I have. Okay. Thank you. Unless my colleagues have a question. Okay. We'll hear from the government. Good morning, Your Honors. Russ Smoot for the United States. In short, the United States believes that this is not – that the court correctly found that Rule 36 was not a vehicle for going back and changing the judgment. What would happen – the last thing that Mr. Campbell suggested was had everybody been aware of the state of the law, the judge might have said retroactive to – concurrently retroactive to – would that have had any effect? I mean, can a district judge do that? I don't believe so, Your Honor, for two reasons. One, because the judgment itself under the part where the court will say credit for time served, it specifically in the form says that the court recommends credit for time served as opposed to where the court orders the actual sentence to be concurrent. That's an order from the district court, whereas the time served accreditation is a recommendation from the court. So, given that the authority is with BOP in determining when that date starts and how much credit actually is accrued, then I think that the BOP would look at it, come to the exact same conclusion. The only thing that the court could have done differently if it wanted to – if it specifically wanted to factor in those 10 months would be to either say it's departing downward, I mean, which is – because it really wasn't a guideline sentence anyway, it could effectuate that by saying it's departing downward for a term that's being served on something else, which isn't necessarily allowed. Or it could have adjusted the sentence accordingly on the variance. Well, under the advisory guideline system, that would certainly have been an unassailable reason for the judge to give a lower sentence. The government would not have appealed that. They would have tried to do that. So, the judge could have exercised discretion to give him the 10 months, right? And in fact, I mean, despite the fact that it was an 11C1C plea, the judge still could have indicated to the parties that it was going to follow the guidelines, which were determined to be like 188 months. So, ultimately, the entire sentence is with outside the guidelines. So, if the court and the court had discretion between 63 and 78 months, so it certainly could have looked at that and found it anywhere within that time period. The bottom line is that there's no clerical error. There's no error in omission. Do you read the record as does the defendant here as sort of mass confusion, that everybody was confused about this in the courtroom? It's really not quite clear in the transcript. I mean, maybe you believe that's the case and that I'm counting on you to give me your honest assessment of what was going on. I've read through the transcript a number of times. You weren't there. I was not, Your Honor. I've read through the transcripts a number of times, and I think that the confusion sets in. First off, the plea agreement itself simply recommended the range and the concurrent sentence. There was no reference that I found in the plea agreement that there was an agreement to any particular amount of time served. That said, because BOP credits time served, the United States doesn't usually weigh in on time served situations. My view of the record is that defense counsel asked for credit for time served, and then asked that that credit go back to the March time period when the defendant was arrested on the state charge. Obviously, that was not going to count. Defense counsel ultimately said there has been some confusion in the negotiations about how much credit for time served there would be. So I think that was really, from my reading of the record, the sum of what was discussed during time served. What comes into play is when the parties recommended the sentence that the court initially said, it imposed the sentence to be consecutive, feeling that somehow within the plea agreement that that was allowed. The parties indicated to the court that no, they had agreed that it would be a concurrent sentence. The discussion began then that this number of 18 months came out, which... Which is 78 minus 60. Right. We would have given him credit for time served even before he was detained on federal charges. Right. It presumes that the sentences would have started at exactly the same date. That conversation would presume, that statement would presume that. Counsel, could I interject a question, please? Yes. I've never seen Rule 36 advanced in a context like this. As I understand Appellant, the crux of his argument is, he would just like us to say the district court has authority to make such an adjustment under Rule 36 and leave it in the hands of the district court in the first instance, as opposed to I can't do this. Now, my question for you is, is there any Supreme Court case or Ninth Circuit case that clearly says Rule 36 can be used for such a purpose or that Rule 36 cannot be used for such a purpose? The first answer is that I am unaware of any case law that says it can be used for such a purpose. In terms of whether it can't be used, I think that while the best case that the district court cited that was specific to the exact same fact pattern was an unpublished district court case that's cited in the record. But in terms of the general proposition, Ninth Circuit law is very clear, and I can cite at least to United States v. Pena, P-E-N-N-A, and that's 319F3-509, and that was a 2003 case by this circuit that indicates that Rule 36 does not allow a district court to go back in and correct a district court's mistake, a non-clerical, non-record omission type mistake. So my answer is no to anything that I know of that says that it can, and yes that the Ninth Circuit has a number of occasions said that it cannot be used to correct a mistake. Okay, thank you. And then just to follow up on that question, the point was that when the 18 months was discussed, most of that discussion came after the court attempted to impose a consecutive sentence, and there was some discussion as to whether or not the court was now imposing an 18-month consecutive sentence or a 78-month concurrent sentence. Ultimately it was imposed as a concurrent 78-month sentence to the 60-month sentence. It just didn't start at the time that, quite frankly, that the defendant would hope that it started. The bottom line is that had the court imposed simply an 18-month sentence, by my timeline it looks like the defendant's 60-month sentence with the state appears to have been expired after about three years. It looks to me by my review of the record that he went into federal custody in 2013, so that's when the remainder of whatever the 78-month sentence would be started at that point. The bottom line is that the defendant ultimately... So how many months beyond the 60 months would be served? Well, it looks to me from my review of the record from the BOP forms that are in the record, it looks like he served probably about three and a half years, which would be 40 to 42 months by my head calculations of the 60-month state term. So then that would be... Because of early release? Yes, I'm not... On the state conviction. Right. I don't know the actual specifics of how early somebody gets released on certain crimes on state charges, but they very rarely serve the entire sentence. So my understanding from the record is that he went into BOP custody in 2013. That would leave a remainder of about 30 to 36 months, give or take, of the federal remainder of the federal sentence. And I see I'm over time. Thank you. Thank you. We'll round it to a minute. What do you say about United States v. Penna? Your Honor, I think the distinction that I'm trying to make in this case against some of the citations by the government is simply that in this case, unlike some of the other cases in which people have come back and tried to use Rule 36 to correct a judicial error, all we're saying is that the district court could have included the words credit for time served back to the August of 2010 date. That would effectuate the understanding that the parties had and the true intent of the court. And what I can discern from the various cases is that when Rule 36 relief is not allowed, it's because there is the concept that somebody is trying to change or alter what the district court did or meant to do, I should say. And that's not what we're asking here. All we're asking is to clarify the judgment to say that the court recommends credit for time served back to August of 2010. What happens with that recommendation, we don't know yet. BOP will then do something, and as Your Honor has pointed out, then perhaps Mr. McKenzie could file a 2241. But what we're asking for is really a rather limited issue, which is does the district court have the authority to clarify the order to say how much credit for time served it's recommending? And I think it does. Did you ask the trial judge to make that recommendation? Your Honor, there is nothing in the record that indicates that that specific Then I'm not sure how we can entertain that at this stage. Well, let me step back. At the time of sentencing, that request wasn't made. That request was made, I believe, in the Rule 36 motion when they asked for the additional credit for time served to be granted. So I should clarify that. What I meant was at the time of sentencing, that specific request wasn't made. And I thank the Court for allowing me to go. Thank you. You'll stand for a minute.
judges: Kozinski, O'scannlain, Gould